# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID RIOS, | : | |
| Plaintiff | : | |
| v. | : | CIVIL NO.: 4:17-CV-671 |
| DAUPHIN COUNTY PRISON, | : | (Judge Brann) |
| Defendant | : | |

## **MEMORANDUM**

MAY 16, 2017

**Background**

David Rios initiated this pro se civil rights action pursuant to 42 U.S.C. § 1983. Named as sole Defendant is the Dauphin County Prison, Harrisburg, Pennsylvania.. See Doc. 1, ¶ III.. Along with his complaint, Rios submitted an in forma pauperis application.[1] For the reasons set forth below, Plaintiff's action will be dismissed, without prejudice, as legally frivolous pursuant to the screening provisions of 28 U.S.C. § 1915.

According to the Complaint, Plaintiff was confined in the Dauphin County Prison on September 29, 2015 when he allegedly fell while getting down from his upper bunk bed. Specifically, Rios asserts that his foot slipped as he was trying to step down onto a table. As a result of the fall, Plaintiff suffered a laceration to

---

[1] It does not appear that Plaintiff is presently incarcerated.

1

his forehead which required eight sutures and "a split & swollen right eye."[2]  Doc. 1 ¶ IV(1).  He also allegedly suffered memory loss, blurred vison, headaches, and dizziness.  Rios contends that his fall "was due to the lack of safety ladders not installed on all top beds in cells or dayrooms."  Id. at (2).  Plaintiff also points out that he remained assigned to the top bunk for approximately one (1) month following the incident before being assigned to a lower bunk.  The complaint seeks compensatory damages and injunctive relief (including installation of safety ladders and railings).

**Discussion**

Title 28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed in forma pauperis under 28 U.S.C. § 1915, e.g., that the full filing fee ultimately be paid (at least in a non-habeas suit)  § 1915(e)(2)provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

When considering a complaint accompanied by a motion to proceed in forma pauperis, a district court may rule that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions.  Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989).

---

[2]  Plaintiff acknowledges that he received medical treatment following his mishap.

Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit ... ." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

The United States Court of Appeals for the Third Circuit has added that "the plain meaning of 'frivolous' authorizes the dismissal of in forma pauperis claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995). It also has been determined that "the frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

**Address**

Rios initially lists his address as 310 North Third Street, Harrisburg, Pennsylvania in the caption of his pending complaint. See Doc. 1, p. 1. However, Plaintiff's accompanying in forma pauperis application asserts that his address is 39 North Fourth Street, Lemoyne, Pennsylvania.[3]

M.D. Pa. Local Rule 83.18 provides that a pro se litigant has an affirmative obligation to keep the Court informed of his or her address and must immediately inform the Court if his or her address changes in the course of the litigation. Given

---

[3] It appears that the Pine Street Presbyterian Church is located at the Third Street Harrisburg address listed in the caption. See www.pinestreet.org

3

that documents filed by Rios with this Court on the same day listed two totally different addresses, there is a question as to whether Plaintiff has properly complied with the requirements of Local Rule 83.18.

**Dauphin County Prison**

A plaintiff, in order to state an actionable civil rights claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Courts have repeatedly recognized that a prison or correctional facility is not a person for purposes of civil rights liability. See Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973); Philogene v. Adams County Prison, Civ. No. 97-0043, slip op. at p. 4 (M.D. Pa. Jan. 30, 1997) (Rambo, C.J.); Sponsler v. Berks County Prison, Civ. A. 95-1136, 1995 WL 92370, at *1 (E.D. Pa. Feb. 28, 1995). Pursuant to this standard, the Dauphin County Prison is clearly not a person and therefore not subject to civil rights liability. See Thompkins v. Doe, No. 99-3941, slip op. at 3 (3d Cir. March 16, 2000).[4]

**Failure to Protect**

As noted, above, Plaintiff claims that he was injured because there were no safety ladders attached to the bunk beds in his cell. The Eighth Amendment's

---

[4] There is no factually specific claim by Plaintiff that his constitutional rights were violated as the result of any policy, custom or practice of the Dauphin County Prison. See Monell v. Department of Social Servs., 436 U.S. 658, 690-91 (1978).

prohibition of cruel and unusual punishment imposes duties on prison officials to provide prisoners with the basic necessities of life, such as food, clothing, shelter, sanitation, medical care and personal safety. See Farmer v. Brennan, 511 U.S. 825, 832 (1994); Helling v. McKinney, 509 U.S. 25, 31 (1993). Under Farmer, an inmate must surmount the high hurdle of showing that a prison official actually knew or was aware of a substantial risk to inmate safety and deliberately disregarded that risk. Beers-Capitol v. Whetzel, 256 F. 3d 120, 125 (3d Cir. 2001). This requirement of actual knowledge means that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

In Davidson v. Cannon, 474 U.S. 344, 347-48 (1986), the United States Supreme Court noted that although a lack of due care had resulted in serious injury to an inmate plaintiff, "that lack of care simply does not approach the sort of abusive government conduct" which would warrant recovery under § 1983. Id. at 347-348. Similarly, in Timko v. City of Hazleton, 665 F. Supp. 1130, 1134 (M.D. Pa. 1986), it was recognized that the negligent operation of a motion vehicle by a police officer in the line of duty was not a basis for civil rights liability. Simply put, allegations of negligence "do not trigger constitutional protections." Whooten v. Bussanich, No. 07-1441, slip op. at 4 (3d Cir. Sept. 12, 2007)(citation omitted).[5]

---

[5] There is no discernible request by Plaintiff that this Court exercise supplemental jurisdiction over a state law negligence claim. See 28 U.S.C. § 1367.

In his complaint, Rios does not contend that he had prior difficulty climbing in or out of the top bunk. There is also no claim that he advised any prison official either verbally or in writing that he required a ladder to access his top bunk or that he asked to be given a lower bunk bed assignment. The Complaint also does not include any assertion that an institutional policy or procedure led to Plaintiff's injury. Moreover, there are no facts alleged which would support a claim that any Dauphin County prison official was aware that the lack of a ladder posed a substantial risk of harm to the Plaintiff and that they thereafter intentionally failed to undertake needed remedial action. As noted in <u>Davidson</u>, carelessness is not sufficient to warrant liability under § 1983. Since there are no facts alleged which could show that any prison official was aware that Plaintiff was facing a substantial risk of serious harm and deliberately failed to take appropriate action, a viable claim of deliberate indifference has not been stated under <u>Farmer</u>.

**Conclusion**

Pursuant to the above discussion, the only named Defendant, the Dauphin County Prison, is not a properly named defendant. Second, the sparsely worded complaint does not set forth a viable failure to protect claim. Since Rios' Complaint is "based on an indisputably meritless legal theory," his pending claim will be dismissed, without prejudice, as legally frivolous. Wilson, 878 F.2d at 774. An appropriate Order will enter.[6]

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[6] If Plaintiff feels that he can cure the deficiencies outlined herein through submission of an amended complaint, he may file a motion for reconsideration within fourteen (14) days of the date of this Memorandum. Any such motion for reconsideration should be accompanied by a proposed amended complaint.